UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY MILES,

       Plaintiff,                    CIVIL ACTION NO. 09-11383
v.                                    DISTRICT JUDGE BERNARD A. FRIEDMAN
                                        MAGISTRATE JUDGE DONALD A. SCHEER

DOMINIC VERDERESE,

       Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

<u>RECOMMENDATION</u>: The Complaint should be dismissed due to plaintiff's failure to exhaust available administrative remedies.

\* \* \*

Plaintiff, while incarcerated at the Standish Maximum Correctional Facility (SMF),[1] in Standish, Michigan filed the instant Complaint, pursuant to 42 U.S.C. § 1983, on April 13, 2009, against the Defendant, who is employed as a dentist by the Michigan Department of Corrections (MDOC).  Plaintiff alleges that the Defendant was deliberately indifferent to his serious medical needs.   Claiming violations of his Eighth Amendment rights under the federal Constitution, Plaintiff sought injunctive relief as well as compensatory damages. For reasons stated below, the Court should dismiss the Complaint without prejudice for failure to exhaust administrative remedies.

<u>EXHAUSTION OF REMEDIES</u>

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action.  Specifically, the statute

---

[1] Plaintiff is currently incarcerated at the St. Louis Correctional Facility, 8585 Croswell Road, St. Louis, Michigan 48880.

provides, "no action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Booth v. Churner, 532 U.S. 731, 741 n.6 (2001).

In the case of Jones v. Bock, 549 U.S. 199 (2007), the Supreme Court explained that lack of exhaustion is an affirmative defense that must be raised by the defendants. The Bock Court reiterated that an inmate's failure to comply with the PLRA's exhaustion requirement deprives the district court of the ability to address the merits of the prisoner's claims. The Court is required to dismiss "unexhausted" claims without prejudice. Id. at 215.

Defendant moved for dismissal on July 9, 2009, arguing that Plaintiff had not exhausted his administrative remedies against him. While Plaintiff filed seven grievances with the MDOC since 2006, none of the grievances complained about the Defendant or his dental problems (See Affidavit of James Armstrong, the grievance and appeals administrator of the MDOC, attached as Exhibit A, attachment 1 to Defendant's Motion to Dismiss). Plaintiff has not filed a response to Defendants' Motion to Dismiss, even though he was given ample opportunity to do so.

In order to properly exhaust administrative remedies under the PLRA, a prisoner must comply with the State's procedures regarding inmate grievance filings. Woodford v. Ngo, 548 U.S. 81 (2006). The prison's requirements define the boundaries of proper exhaustion, and proper exhaustion means using all steps the agency holds out and following them faithfully. Jones v. Bock, 549 U.S. 212.

2

Defendant has raised exhaustion as an affirmative defense, and has moved to dismiss on that basis. Plaintiff has failed to demonstrate that he pursued a grievance against the defendant at all levels of administrative review, and he has failed to show that he was precluded from doing so. As a result, the Complaint should be dismissed, without prejudice, on the basis of Plaintiff's failure to exhaust administrative remedies.

The parties are advised that any objections to this Report and Recommendation must be filed with the Court within ten (10) days after they are served with a copy, or further appeal from Judge Friedman's acceptance thereof is waived.

|  |  |
|---|---|
|  | s/Donald A. Scheer |
|  | DONALD A. SCHEER |
|  | UNITED STATES MAGISTRATE JUDGE |
| DATED: August 27, 2009 |  |

_____

### CERTIFICATE OF SERVICE

I hereby certify on August 27, 2009 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 27, 2009: **Billy Miles.**

                                                    s/Michael E. Lang
                                                    Deputy Clerk to
                                                    Magistrate Judge Donald A. Scheer
                                                    (313) 234-5217